This matter is before the court on settlement of the decree. Two forms of decree have been submitted by the solicitor for the complainants, which are identical except that the second proposed decree substitutes the executrices of Paskevitch, now deceased, in his place.
The proposed decree provides inter alia for the payment of costs by the lien claimants jointly and severally with contributions among themselves, together with counsel fees in amounts to be determined by the court. It also provides that the $40,000 bond given in the course of the litigation be discharged.
These two provisions of the decree are objected to by the lien claimants. *Page 532 
1. The history of the litigation is that the lien claimants filed a lien after the institution of this suit. Thereafter they applied for permission to be made parties. The chancellor granted the application although expressing a doubt as to whether their claims were fraudulent, and provided that costs would abide the result of final hearing. From the order of the chancellor allowing the lien claimants to intervene, complainants appealed, and the order was affirmed, thus establishing the right of the lien claimants to be made parties. At the final hearing the issues were decided against the lien claimants. 106 N.J. Eq. 489.
The situation is, therefore, that the lien claimants not original parties, have forced upon the complainants long and expensive litigation on claims found to be invalid. They were given an opportunity to litigate claims which the chancellor considered doubtful only on their assertion that the claims were legitimate. This issue has been decided against them. The chancellor expressly provided that costs should abide this event, and there is no reason why defendants should not bear this burden expressly imposed upon them when they were allowed to intervene.
Costs on the appeal in which the lien claimants were successful have been paid to them by complainants and are not in question here.
The lien claimants contend that the costs should be paid from the fund in this court. Under the facts here this means that complainants themselves must bear the costs. It appeared this would be wholly inequitable under these circumstances the lien claimants having been determined to be the intruders. Strictly speaking, there is no fund in court, but merely a personal bond conditioned to pay the lien claimants any sums found to be due them.
The lien claimants further contend that, if costs be awarded against them, they should not be against all of them for all the costs, but that there should be a separate award of a proportionate share only against each separately. It is suggested that the basis of such separate awards shall be pro rata as to the amount of the respective claims. The effect of any such separation of awards of costs would be to deprive *Page 533 
complainants entirely of a large percentage of the total costs, as some of the lien claimants are not solvent. Although the opinion did not go quite so far as to hold the lien claimants were engaged in a conspiracy to present fraudulent claims, since this finding was not necessary to determination, the testimony came close to establishment of such a fact. There is therefore no good ground for relieving the lien claimants from their joint liability with the right to contribution among themselves as provided in the proposed decree.
2. As to the objection to the provision that the $40,000 bond be discharged on the ground that thereby the rights against the surety might be lost in case of a reversal of the decree on appeal, this has no substance, as a reversal would reinstate the bond.